IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LARRY D. WILLIAMS, JR.,            )
                                   )
          Plaintiff,               )
                                   )
v.                                 )   Case No. CIV-10-501-D
                                   )
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )
          Defendant.               )

**REPORT AND RECOMMENDATION**

Mr. Larry Williams applied for supplemental security income and insurance benefits based on an alleged disability. *See* Administrative Record at pp. 9, 104-108 (certified July 6, 2010) ("Rec."). The Social Security Administration denied the applications,[1] and the present action followed. The Court should affirm.

STANDARD OF REVIEW

The Court's review entails only a determination of whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard. *See Emory v. Sullivan*, 936 F.2d 1092, 1093 (10th Cir. 1991).

Evidence is substantial if it is greater than a scintilla. *See Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). In determining whether the evidence is substantial, the Court cannot reweigh the record or substitute its

---

[1] Rec. at pp. 1-3, 9-19, 47-48, 51-52.

judgment for that of the Social Security Administration. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1498 (10th Cir. 1992).

## THE ADMINISTRATIVE LAW JUDGE'S RELEVANT FINDINGS AND THE PLAINTIFF'S ARGUMENTS

This appeal involves the administrative law judge's assessment of the residual functional capacity ("RFC") and discussion of a treating physician's opinion. The Court should reject Mr. Williams' arguments.

### The Treating Physician's Opinion

A treating physician, Dr. Joy Ledoux-Johnson, assessed the physical condition and opined that Mr. Williams could:

- frequently lift and/or carry up to 10 pounds,
- occasionally lift and/or carry up to 20 pounds,
- never lift and/or carry 50 pounds, and
- occasionally twist, stoop, crouch, and climb.

Rec. at p. 292.

### The Administrative Law Judge's Decision

In concluding that the Plaintiff was not disabled, the administrative law judge found that Mr. Williams retained the RFC to "perform the full range of medium work as defined in 20 CFR 404.1567(b) and 416.967(b)." *Id.* at p. 12. The social security regulations define "medium" work as "involv[ing] lifting no more than 50 pounds at a time with frequent lifting

or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c) & 416.967(c) (2008).

The judge's RFC assessment differed from Dr. Ledoux-Johnson's in the abilities to carry, lift, twist, stoop, crouch, and climb. *See supra* pp. 2-3. The administrative law judge provided the following rationale concerning her treatment of Dr. Ledoux-Johnson's opinion:

> Dr. Johnson found the claimant had lifting limitations of no lifting greater than ten pounds frequently and twenty pounds occasionally and the postural limitations of occasional twisting, stooping, crouching, climbing ladders, and climbing stairs. She found these limitations began in 1998 when the claimant had pulmonary embolism as a result of his nephritic syndrome; however, she did not reconcile this remote incident with his subsequent normal pulmonary findings and laboratory studies. Additionally, these limitations are inconsistent with Dr. Johnson's treating clinic notes documenting that with medication compliance, the claimant's hypertension was controlled, and that with the exception of one occasion of trace edema to the left ankle, no other mention of edema or any other abnormal findings. Each progress note documented the claimant's heart had regular rate and rhythm, clear lungs, and normal pulses in the extremities. Based upon the inconsistencies between the minimal treatment and the resulting functional findings, it appears that perhaps Dr. Johnson may be sympathetic towards the claimant in the preparation of the questionnaire. As a treating physician, the findings of Dr. Johnson have been considered and given some weight, but not great weight, in the determination of the claimant's residual functional capacity.

Rec. at 15.

## The Plaintiff's Arguments

The Plaintiff argues that the administrative law judge's discussion of Dr. Ledoux-Johnson's opinion:

- prevents meaningful judicial review,

- reflects an improper assumption of sympathy for her patient, and

3

- was premature without recontact of Dr. Ledoux-Johnson.

The arguments lack merit.

## The Administrative Law Judge's Assignment of "Some Weight" to the Medical Opinion

Distilled to its essence, the Plaintiff's first argument is that the judge did not explain her disagreement with the treating physician. This argument is invalid.

The judge had an obligation to state the weight that she was given to the doctor's opinions. *See*, *e.g.*, *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (holding that the administrative law judge must make clear the weight given to a treating source's medical opinion). The judge complied, saying that she was giving the doctor's opinions "some weight, but not great weight." *Supra* p. 3 (quoting Rec. at p. 15). This statement of the weight suffices, as it permits meaningful judicial review.[2]

The administrative law judge disagreed with the doctor on Mr. Williams' capacities to carry, lift, twist, stoop, crouch, and climb. *See supra* pp. 2-3. According to the Plaintiff, the judge failed to explain this disagreement, as she acknowledged "some weight" to the doctor's assessment.

This argument is misguided. The basic question is whether the Court can tell why the judge disagreed with the physician on Mr. Williams' ability to carry, lift, twist, stoop, crouch,

---

[2] *See Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (upholding the administrative decision when the judge stated that a physician's opinion was "worthy of some weight," but not controlling weight, because the medical opinion had been brief, conclusory, and unsupported by objective medical findings).

4

and climb.[3] The Court knows the reasons because they were supplied by the administrative law judge. Speaking of Mr. Williams' abilities to carry, lift, twist, stoop, crouch, and climb, the administrative law judge said she was relying on:

- inconsistencies between Dr. Ledoux-Johnson's notes and Mr. Williams' testimony,

- the absence of substantiation in the physician's progress notes, and

- the absence of substantial information in the doctor's records.

Rec. at pp. 14-15. Obviously, the judge was relying on these three reasons to arrive at a different assessment of Mr. Williams' ability to carry, lift, twist, stoop, crouch, and climb.

## The Alleged Assumption of Sympathy on the Part of the Physician

According to Mr. Williams, the administrative law judge improperly rejected Dr. Ledoux-Johnson's opinion based on sympathy. The Plaintiff is mistaken.

Mr. Williams correctly asserts that the Tenth Circuit Court of Appeals prohibits rejection of a treating physician's opinion on the basis of sympathy.[4] But here, the administrative law judge did nothing of the kind. The judge stated: "Based upon the

---

[3] *See* Social Security Ruling 96-2p, Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, 1996 WL 374188, Westlaw op. at 5 (July 2, 1996) (stating that the decision must be sufficiently clear to allow a subsequent reviewer to determine the weight given to the treating physician's medical opinion and the "reasons for that weight").

[4] *See McGoffin v. Barnhart*, 288 F.3d 1248, 1253 (10th Cir. 2002) ("an [administrative law judge's] assertion that a family doctor naturally advocates his patient's cause is not a good reason to reject his opinion as a treating physician.").

5

inconsistencies between the minimal treatment and the resulting functional findings, it appears that perhaps Dr. Johnson may be sympathetic towards the claimant in the preparation of the questionnaire." *Id.* at p. 15. Clearly, the judge's rejection was based upon "inconsistencies between the minimal treatment and the resulting functional findings," rather than sympathy alone.

The Tenth Circuit Court of Appeals addressed a similar claim in *James v. United States Department of Health and Human Services*, 47 F.3d 1178, 1995 WL 65454 (10th Cir. Feb. 17, 1995) (unpublished op.). According to the plaintiff in *James*, the administrative law judge disregarded a treating physician's opinion on grounds that it had been based on sympathy. *Id.*, Westlaw op. at 1. The court rejected the argument, stating that the administrative law judge had merely noted that the physician's opinion "may have reflected his sympathy" towards his patient. *Id.*, Westlaw op. at 2. Ultimately, however, the judge had rejected the physician's opinion based on an inconsistency within the physician's records, which was a valid reason to discount the opinion. *Id.*

*James v. United States Department of Health and Human Services* is persuasive. As in *James*, the administrative law judge had rejected the physician's opinion based on inconsistencies between her treatment notes and the Plaintiff's testimony, a lack of support in the progress notes, and an absence of substantial information in the physician's records. *See supra* pp. 5-6. These reasons, apart from the alleged sympathy, provided a sufficient

6

basis to reject the medical opinion.[5] Thus, the Court should follow *James* and reject Mr. Williams' argument that the judge had improperly rejected Dr. Ledoux-Johnson's opinion based on sympathy.

The Alleged Duty to Recontact Dr. Ledoux-Johnson

Finally, Mr. Williams argues that "if the [administrative law judge] had doubts about the legitimacy of Dr. Johnson's Questionnaire she should have recontacted Dr. Johnson for clarification." Plaintiff's Brief of His Statement of Position With Authorities at p. 9 (Oct. 4, 2010). But the duty to recontact a treating physician is triggered only when the administrative law judge is unable to assess the disability claim because of a conflict or ambiguity in the treating physician's report. *See Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004); 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) (2008). Here, the administrative law judge did not express any belief that Dr. Ledoux-Johnson's report was ambiguous or inconsistent. *See* Rec. at pp. 9-19. In the absence of an internal ambiguity or conflict in the medical report, the administrative law judge had no duty to recontact Dr.

---

[5] *See Castellano v. Secretary of Health and Human Services*, 26 F.3d 1027, 1029 (10th Cir. 1994) (the administrative law judge may reject a treating physician's opinion if the conclusions are not supported by office records).

Ledoux-Johnson. *See White v. Barnhart*, 287 F.3d 903, 908-909 (10th Cir. 2001).[6] As a result, this claim is not persuasive.

RECOMMENDED RULING

The Court should affirm the Social Security Administration's decision.

NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C.A. § 636(b)(1) (2010 supp.). The deadline for objections is February 10, 2011. *See* 28 U.S.C.A. § 636(b)(1) (2010 supp.), Fed. R. Civ. P. 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[7]

---

[6] In *White v. Barnhart*, the claimant alleged that the administrative law judge had failed to recontact the physician. *See White v. Barnhart*, 287 F.3d at 908. The federal appeals court rejected the claim and explained:

> For it is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the "evidence" the [administrative law judge] "receive[s] from [the claimant's] treating physician" that triggers the duty. The [administrative law judge] believed the information he received from [the treating doctor] was "adequate" for consideration; that is, it was not so incomplete that it could not be considered. However, the [administrative law judge] also believed that the conclusion [the treating doctor] reached was wrong; that is, it was insufficiently supported by the record as a whole.

*Id.* (citation omitted).

[7] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

The referral is discharged.

Entered this 24th day of January, 2011.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge