IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY D. WILLIAMS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-10-501-D |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) for review of the decision of the Commissioner of Social Security Administration denying Plaintiff's application for disability benefits and supplemental security income benefits. The matter was referred to United States Magistrate Judge Robert E. Bacharach for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On January 24, 2011, the Magistrate Judge filed a Report and Recommendation [Doc. No. 19] in which he recommended that the Commissioner's decision be affirmed. Because Plaintiff timely objected to the recommendation, the matter is reviewed *de novo.*

In reviewing the Commissioner's decision, the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Washington v. Shalala,* 37 F. 3d 1437, 1439-40 (10th Cir. 1994); *Castellano v. Secretary of Health & Human Servs.*, 26 F. 3d 1027, 1028 (10th Cir. 1994). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion. *Castellano*, 26 F. 3d at 1028. Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the

record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The decision of the Administrative Law Judge ("ALJ") in a Social Security disability hearing must be supported by substantial evidence; in addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence on which he does not rely and any significantly probative evidence he rejects. *Haddock v. Apfel*, 196 F. 3d 1084, 1088 (10th Cir. 1999); *Clifton v. Chater*, 79 F. 3d 1007, 1010 (10th Cir. 1996).

In this case, Plaintiff contends the ALJ's decision must be rejected because she rejected the opinion of his treating physician but failed to clearly articulate the reasons she did so. This contention was rejected by the Magistrate Judge, who reviewed the record and concluded that, contrary to Plaintiff's contention, the ALJ satisfied her obligation to consider the treating physician's opinion, to determine the weight to be afforded that opinion, and to articulate the reasons for her assessment of the weight assigned to the treating physician's opinion. *Raymond v. Astrue,* 621 F. 3d 1269, 1272 (10th Cir. 2009); *Pisciotta v. Astrue*, 500 F. 3d 1074, 1077 (10th Cir. 2007). "Ultimately, the ALJ's decision must contain 'reasons that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Sitsler v. Astrue,* 2011 WL 62834, at *5 (10th Cir. Jan. 10, 2011) (unpublished opinion) (quoting *Hamlin v. Barnhart,* 365 F. 3d 1208, 1215 (10th Cir. 2004)).

In this case, Plaintiff does not dispute that the ALJ determined that she would assign "some" weight but "not great" weight to the opinion of Dr. Joy Ledoux-Johnson, Plaintiff's treating physician. However, Plaintiff argues the ALJ failed to clearly explain the reasons she did so.

As the Magistrate Judge pointed out in the Report and Recommendation, the treating physician's opinion involved Plaintiff's ability to perform certain physical tasks. She opined that

Plaintiff could frequently lift and/or carry up to 10 pounds, occasionally lift and/or carry up to 20 pounds, and occasionally twist, stoop, crouch and climb; she opined that he could never lift and/or carry 50 pounds. The ALJ concluded, however, that the evidence reflected Plaintiff's physical abilities were greater, as she determined he retained the residual functional capacity to perform the full range of medium work as defined by the Social Security regulations. According to the applicable regulation, "medium work" is defined as that involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C. F. R. § § 404.1567(c) and 416.967(c).

The ALJ's statement of the reasons for affording "some" but "not great" weight to Dr. Ledoux-Johnson's opinion need not, as Plaintiff contends, be listed with specificity in the ALJ's decision. Instead, as the Magistrate Judge explained, the reasons must be clear from the decision as a whole. In fact, an ALJ's failure to explicitly articulate the weight given the physician's opinion does not render the decision erroneous if the reviewing court can determine the weight afforded and the reasons therefor by reviewing the decision as a whole. *Sitsler*, 2011 WL 62834, at * 6. The weight afforded the opinion is sufficient if it is "implicit" from a review of the ALJ's decision. *Armijo v. Astrue*, 385 F. App'x 789, 795 (10th Cir. 2010) (unpublished opinion).

The Court agrees with the Magistrate Judge that the ALJ's reasons for affording Dr. Ledoux-Johnson's opinion "some weight, but not great weight" are clear from a review of the ALJ's decision. As the Magistrate Judge pointed out, in discussing Plaintiff's abilities to carry, lift, twist, stoop, crouch, and climb, the ALJ stated she relied on inconsistencies between Dr. Ledoux-Johnson's notes and Plaintiff's testimony, the absence of substantiation in Dr. Ledoux-Johnson's progress notes, and the absence of substantial information in her records that would support her

opinion regarding Plaintiff's physical limitations and restrictions. Report and Recommendation at p. 5 (citing Record at pp. 14-15). Contrary to Plaintiff's contention, the ALJ is not required to list all factors in the Social Security regulations when explaining the weight afforded a treating physician's opinion, as "'[n]ot every factor for weighing opinion evidence will apply in every case.'" *Oldham v. Astrue*, 509 F. 3d 1254, 1258 (10th Cir. 2007) (quoting Social Security Ruling 06-03p (Aug. 9, 2006)). Where the ALJ provides "good reasons in his decision for the weight he gave to the treating sources' opinions...[n]othing more was required." *Id.*

In this case, the ALJ's decision explains the reasons for the weight afforded the treating physician's opinion in a manner sufficient to permit this Court to review those reasons. The Court finds no error in the decision.

Plaintiff initially asserted two additional arguments regarding the ALJ's assessment of the treating physician's opinion. He contended the ALJ erred in noting that Dr. Ledoux-Johnson was sympathetic to Plaintiff, and he argued the ALJ failed to recontact Dr. Ledoux-Johnson to discuss any questions she had regarding the physician's completion of a questionnaire. However, Plaintiff does not assert those arguments in his objection to the Report and Recommendation, and the Court need not address them. In any event, having reviewed the Magistrate Judge's conclusions regarding these contentions, the Court finds that neither argument presents a basis for reversing the decision.

Accordingly, the Court adopts the Report and Recommendation [Doc. No. 19] as though fully set forth herein. The decision of the Commissioner denying Plaintiff's application for benefits is affirmed, and judgment shall enter in favor of the Commissioner.

IT IS SO ORDERED this 18th day of April, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE